MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

MARIA DE LOS ANGELES BRAVO
GARCIA, *individually and on behalf of others*
*similarly situated,*

*Plaintiff*,

-against-

GREEN LAUNDROMAT, INC. (D/B/A
GREEN LAUNDROMAT), 145 GREEN
LAUNDROMAT INC.  (D/B/A GREEN
LAUNDROMAT), BENJAMIN S. LEE, and
JAE J. KIM,

*Defendants.*

------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Maria de los Angeles Bravo Garcia ("Plaintiff Bravo" or "Ms. Bravo"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Green Laundromat, Inc. (d/b/a Green Laundromat), 145 Green Laundromat Inc. (d/b/a Green Laundromat), ("Defendant Corporations"), Benjamin S. Lee and Jae J. Kim, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Bravo is a former employee of Defendants Green Laundromat, Inc. (d/b/a Green Laundromat), 145 Green Laundromat Inc. (d/b/a Green Laundromat), Benjamin S. Lee, and Jae J. Kim.

2.    Defendants own, operate, or control a laundromat, located at 110 West 145th Street, New York, New York 10039 under the name "Green Laundromat."

3.    Upon information and belief, individual Defendants Benjamin S. Lee and Jae J. Kim, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the laundry service as a joint or unified enterprise.

4.    Plaintiff Bravo was employed as a laundromat attendant at the laundry service located at 110 West 145th Street, New York, New York 10039.

5.    At all times relevant to this Complaint, Plaintiff Bravo worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Bravo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Defendants' conduct extended beyond Plaintiff Bravo to all other similarly situated employees.

8.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bravo and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.    Plaintiff Bravo now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.*

and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Bravo seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Bravo's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat located in this district. Further, Plaintiff Bravo was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13.     Plaintiff Maria de los Angeles Bravo Garcia ("Plaintiff Bravo" or "Ms. Bravo") is an adult individual residing in New York County, New York.

14.     Plaintiff Bravo was employed by Defendants at Green Laundromat from approximately June 2013 until on or about February 27, 2018.

15.     Plaintiff Bravo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a laundromat, located at 110 West 145th Street, New York, New York 10039 under the name "Green Laundromat."

17.     Upon information and belief, Green Laundromat, Inc. (d/b/a Green Laundromat) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 110 West 145th Street, New York, New York 10039.

18.     Upon information and belief, 145 Green Laundromat Inc. (d/b/a Green Laundromat) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 110 West 145th Street, New York, New York 10039.

19.     Defendant Benjamin S. Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Benjamin S. Lee is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Benjamin S. Lee possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Bravo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Jae J. Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jae J. Kim is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jae J. Kim possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations,

and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Bravo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.    Defendants operate a laundromat located in the West Harlem section of Manhattan in New York City.

22.    Individual Defendants, Benjamin S. Lee and Jae J. Kim, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

23.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.    Each Defendant possessed substantial control over Plaintiff Bravo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Bravo, and all similarly situated individuals, referred to herein.

25.    Defendants jointly employed Plaintiff Bravo (and all similarly situated employees) and are Plaintiff Bravo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.    In the alternative, Defendants constitute a single employer of Plaintiff Bravo and/or similarly situated individuals.

27.    Upon information and belief, Individual Defendants Benjamin S. Lee and Jae J. Kim operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

28.    At all relevant times, Defendants were Plaintiff Bravo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Bravo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Bravo's services.

29.     In each year from 2013 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Bravo is a former employee of Defendants who was employed as a laundromat attendant.

32.     Plaintiff Bravo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maria de los Angeles Bravo Garcia*

33.     Plaintiff Bravo was employed by Defendants from approximately June 2013 until on or about February 27, 2018.

34.     Defendants employed Plaintiff Bravo as a laundromat attendant.

35.     Plaintiff Bravo regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

36.     Plaintiff Bravo's work duties required neither discretion nor independent judgment.

37.     From approximately June 2013 until on or about April 2016 and from approximately January 2017 until on or about January 22, 2018, Plaintiff Bravo regularly worked in excess of 40 hours per week.

38.     From approximately June 2013 until on or about April 2016, Plaintiff Bravo worked from approximately 7:00 a.m. until on or about 3:30 p.m. or from approximately 3:00 p.m. until on

or about 11:30 p.m., four days a week and from approximately 7:00 a.m. until on or about 11:30 p.m., one day a week (typically 50.5 hours per week).

39.     From approximately January 2017 until on or about January 2018, Plaintiff Bravo worked from approximately 7:00 a.m. until on or about 3:30 p.m. five days a week (typically 42.5 hours per week).

40.     Throughout her entire employment, Defendants paid Plaintiff Bravo her wages in cash.

41.     From approximately June 2013 until on or about December 31, 2015, Defendants paid Plaintiff Bravo a fixed salary of $350 per week.

42.     From approximately January 2016 until on or about December 2017, Defendants paid Plaintiff Bravo a fixed salary of $420 per week.

43.     From approximately January 1, 2018 until on or about January 22, 2018, Defendants paid Plaintiff Bravo a fixed salary of $480 per week.

44.     Plaintiff Bravo's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

45.     For example, Defendants required Plaintiff Bravo to work an additional 30 minutes past her scheduled departure time every day, and did not pay her for the additional time she worked.

46.     Defendants never granted Plaintiff Bravo any breaks or meal periods of any kind.

47.     Plaintiff Bravo was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

48.     On a number of occasions, Defendants required Plaintiff Bravo to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

49.    In addition, from approximately June 2013 until on or about 2015, defendants required Plaintiff Bravo to sign a document which misrepresented the hours that she worked per week in order to get paid.

50.    Defendants took improper and illegal deductions from Plaintiff Bravo's wages; specifically, on one occasion, defendants deducted $20 from Plaintiff Bravo's weekly wages to recover the cost of a cleaning service that a client had paid with counterfeit money.

51.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Bravo regarding overtime and wages under the FLSA and NYLL.

52.    Defendants did not provide Plaintiff Bravo an accurate statement of wages, as required by NYLL 195(3).

53.    Defendants did not give any notice to Plaintiff Bravo, in English and in Spanish (Plaintiff Bravo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.    Defendants required Plaintiff Bravo to purchase "tools of the trade" with her own funds—including a portable steamer, a portable air conditioner, toilet paper every week, and one pair of gloves every two months.

*Defendants' General Employment Practices*

55.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bravo (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

56.    Plaintiff Bravo was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

57.    Defendants' pay practices resulted in Plaintiff Bravo not receiving payment for all her hours worked, and resulted in Plaintiff Bravo's effective rate of pay falling below the required minimum wage rate.

58.    Defendants habitually required Plaintiff Bravo to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

59.    Defendants' time keeping system did not reflect the actual hours that Plaintiff Bravo worked.

60.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

61.    On a number of occasions, Defendants required Plaintiff Bravo to sign a document the contents of which she was not allowed to review in detail.

62.    Defendants required Plaintiff Bravo to sign a document that reflected inaccurate or false hours worked.

63.    Defendants paid Plaintiff Bravo her wages in cash.

64.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

65.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Bravo (and similarly situated individuals) worked, and to avoid paying Plaintiff Bravo properly for her full hours worked.

66.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

67.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Bravo and other similarly situated former workers.

68.     Defendants failed to provide Plaintiff Bravo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

69.     Defendants failed to provide Plaintiff Bravo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

70.      Plaintiff Bravo brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

71.      At all relevant times, Plaintiff Bravo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

72.      The claims of Plaintiff Bravo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

73.      Plaintiff Bravo repeats and realleges all paragraphs above as though fully set forth herein.

74.      At all times relevant to this action, Defendants were Plaintiff Bravo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Bravo (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

75.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77.    Defendants failed to pay Plaintiff Bravo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78.    Defendants' failure to pay Plaintiff Bravo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79.    Plaintiff Bravo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

80.    Plaintiff Bravo repeats and realleges all paragraphs above as though fully set forth herein.

81.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Bravo (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82.    Defendants' failure to pay Plaintiff Bravo (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83.    Plaintiff Bravo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

84.     Plaintiff Bravo repeats and realleges all paragraphs above as though fully set forth herein.

85.     At all times relevant to this action, Defendants were Plaintiff Bravo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Bravo, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

86.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Bravo less than the minimum wage.

87.     Defendants' failure to pay Plaintiff Bravo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

88.     Plaintiff Bravo was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

89.     Plaintiff Bravo repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Bravo  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91.     Defendants' failure to pay Plaintiff Bravo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92.     Plaintiff Bravo was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

93.     Plaintiff Bravo repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants failed to provide Plaintiff Bravo with a written notice, in English and in Spanish (Plaintiff Bravo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95.     Defendants are liable to Plaintiff Bravo in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

96.     Plaintiff Bravo repeats and realleges all paragraphs above as though fully set forth herein.

97.     With each payment of wages, Defendants failed to provide Plaintiff Bravo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98.     Defendants are liable to Plaintiff Bravo in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

99.      Plaintiff Bravo repeats and realleges all paragraphs above as though fully set forth herein.

100.     Defendants required Plaintiff Bravo to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

101.     Plaintiff Bravo was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

102.    Plaintiff Bravo repeats and realleges all paragraphs above as though set forth fully herein.

103.    At all relevant times, Defendants were Plaintiff Bravo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

104.    Defendants made unlawful deductions from Plaintiff Bravo's wages.

105.    The deductions made from Plaintiff Bravo's wages were not authorized or required by law.

106.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Bravo's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

107.    Plaintiff Bravo was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bravo respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bravo and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bravo and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Bravo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Bravo and the FLSA Class members;

(f)    Awarding Plaintiff Bravo and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Bravo and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bravo;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bravo;

(j)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Bravo's compensation, hours, wages and any deductions or credits taken against wages;

(k)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Bravo;

(l)     Awarding Plaintiff Bravo damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Bravo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Bravo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Bravo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Bravo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Bravo demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

July 31, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
         Michael Faillace [MF-8436]

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 1, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                 Maria de los Angeles Bravo-Garcia

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                  1 de marzo 2018

*Certified as a minority-owned business in the State of New York*