# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                            Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620

February 5, 2019

**VIA ECF**

Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                                        **Re:**    *de los Angeles Bravo Garcia et al. v. Green Laundromat, Inc. et al.*
                                                                  Case No. 18-cv-6855-PGG

Your Honor:

       This office represents Plaintiff Maria de los Angeles Bravo Garcia ("Plaintiff") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff and Defendants Green Laundromat, Inc., 145 Green Laundromat Inc., Benjamin S. Lee and Jae J. Kim (the "Defendants," and together with Plaintiff, the "Settling Parties").

       The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a settlement conference before your Honor. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

       The Settling Parties represent to the Court that while the Plaintiff believes that the settlement amount is less than what she would be entitled to if she prevailed at trial, the settlement is nevertheless fair, as discussed herein.

**Background**

       Plaintiff Bravo was employed by Defendants as a laundromat attendant at the laundromat owned by Defendants, located at 110 West 145th Street, New York, NY 10039.

Plaintiff Bravo was employed by Defendants from approximately June 2013 until on or about February 27, 2018. From approximately June 2013 until on or about February 27, 2018 Plaintiff Bravo worked five days per week from approximately 7 a.m. until 3 p.m., and one day per week she stayed past 3 p.m. for approximately an extra hour and fifteen minutes. Throughout her employment with Defendants, Plaintiff Bravo was paid her wages by cash.

Hon. Paul G. Gardephe
February 5, 2019
Page 2 of 6

Plaintiff Bravo alleges that Defendants paid her weekly for all of her hours worked, and the pay corresponded with minimum wage at the time but did not account for her overtime hours worked.

Plaintiff Bravo therefore brought this action seeking to recover unpaid overtime wages, wage notice violation, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq.*, and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants' Answer denied all of Plaintiff's allegations of unlawful practices and policies.

Nevertheless, the parties agreed on the settlement amount of $6,650 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

**Settlement**

The Settling Parties have agreed to resolve this action for the total sum of $6,650.00 which will be paid as outlined in **Exhibit A**. Plaintiff alleges she is entitled to back wages of approximately $2,919.38. Plaintiffs estimate that had she recovered in full for her claims, she would be entitled to approximately $17,087.60, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $6,650, to be paid over a period of six months. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "**Exhibit B**."

The full sum of the settlement amount will be paid to Plaintiff's attorneys, who will be solely responsible for distributing the settlement amount to the Plaintiff directly after deductions of counsel fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc.*,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Hon. Paul G. Gardephe
February 5, 2019
Page 3 of 6

The agreement here is fair to the Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and have made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of trial. The Six Thousand Six Hundred Fifty Dollars ($6,650.00) that Plaintiff will be receiving accounts for any alleged unpaid overtime wages that she could have potentially recovered at trial, as well as attorneys' fees. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive one third of the settlement amount, less than our lodestar. This represents a reduction in fees from what is identified in the Plaintiffs' retainer agreements, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive

Hon. Paul G. Gardephe
February 5, 2019
Page 4 of 6

trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc:   Diane Lee, Esq. (via ECF)
      *Attorney for Defendants*